UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES CLIFTON BEAL,
    Plaintiff,

v.

DEBORAH RYAN,
    Defendant.

Case No. 15-cv-05378-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 1

Charles Clifton Beal, an inmate at the Santa Clara County Jail, has filed this *pro se* civil rights action under 42 U.S.C. § 1983.  In his complaint, Beal alleges that he asked for a speedy trial on July 24 or 29, 2015, and defendant Judge Deborah Ryan responded, "'you don't have the rights. I am not doing it.'"  Docket No. 1 at 3.  His prayer for relief requests that he be released from jail.

Beal's complaint is now before the court for review pursuant to 28 U.S.C. § 1915A, which requires the court to screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construed, the complaint alleges that the defendant denied Beal his right to a speedy trial. The complaint attacks the lawfulness of his custody, and specifically seeks his release from jail as the only remedy. "Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 524 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Beal's complaint under § 1983 therefore must be dismissed because his claim can proceed, if at all, only in a petition for writ of habeas corpus. The proper disposition of a civil rights complaint seeking habeas relief is a dismissal without prejudice to the prisoner bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

A petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, principles of comity and federalism require that this court abstain and not entertain any such pretrial habeas challenge unless petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. *Id.* at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)); *e.g., id.* (speedy trial claim is preferably reviewed after trial).

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE to Beal filing a petition for writ of habeas corpus. He may file a petition for writ of habeas corpus if he ever is convicted, but may only file that petition after he exhausts state court remedies for each claim he wishes to present in a federal habeas petition. He also may file a pretrial petition for writ of habeas corpus before he is convicted, but only after he exhausts state court remedies for each claim he wishes to present and demonstrates special circumstances warranting federal intervention

1  before the conclusion of his state court criminal proceedings.

2  The clerk shall close the file.

3  **IT IS SO ORDERED**.

4  Dated:  January 12, 2016

_____
SUSAN ILLSTON
United States District Judge